IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3092-D

NOEL DAVILA, )
 )
          Plaintiff, )
 )
v. ) **ORDER**
 )
FEDERAL BUREAU OF PRISONS, et al., )
 )
          Defendants. )

On April 12, 2024, Noel Davila ("Davila" or "plaintiff"), a federal inmate proceeding pro se, filed a verified complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 1, 8]. On November 20, 2024, the court reviewed the complaint and allowed the action to proceed [D.E. 9]. See 28 U.S.C. § 1915A. All defendants have answered the complaint. See [D.E. 26, 42]. On March 26, 2025, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 27]. Davila moves for appointment of counsel [D.E. 31, 40], four blank subpoena forms [D.E. 34], injunctive relief [D.E. 35, 38], leave to file an amended complaint [D.E. 39], and to compel discovery [D.E. 43]. Defendants move for an extension of time to file dispositive motions [D.E. 49].

As for Davila's motion for leave to file an amended complaint, a party may amend a pleading once as a matter of course within twenty-one days after service, or, if the pleading requires a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with written consent of the opposing party or with leave of court. See Fed. R. Civ. P. 15(a)(2). A court

should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Foman v. Davis, 371 U.S. 178, 182 (1962). Davila cannot amend his complaint as a matter of course, and defendants do not consent to Davila's proposed amended complaint. See [D.E. 41] 1–6. Thus, Davila needs leave of court to file an amended complaint.

Defendants argue the court should deny Davila's motion for leave to amend as futile because Davila adds claims that allegedly occurred on November 21, 2021, and are time-barred. See [D.E. 41] 3–6; see also Am. Compl. [D.E. 39] 4 ("On November 21st, 24th, 2021 after the so-called retraining of staff and Ms. J. Richardson addressing the issue with the staff, Mr. C. Pruitt distributes Plaintiff the wrong medication again. After doing so he states: 'that was nothing . . . .' The Plaintiff lets Mr. Pruitt know that he is having difficulties and is told to go back to his housing unit, lay down, and it will subside."); cf. Compl. [D.E. 1] 4 ("On November 24, 2021 after the so called retraining of Staff and Mrs. Richardson addressing the issue with her Staff[,] Mr. Pruitt distributes to the Plaintiff the wrong medication again. After doing so he states 'that was nothing . . . .' The Plaintiff lets Mr. Pruitt know that he is having difficulties and is told to go back to his housing unit, lay down, and it will subside.").

Under Federal Rule of Civil Procedure 15(c)(1)(B), an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When there is a "factual nexus" between the amendment and the original complaint, the amended claim will be "liberally construed to relate back to the

original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983).

Davila's new claim that defendant Pruitt gave Davilla the wrong medication on November 21, 2021, arose out of the conduct or occurrence in the original complaint. See [D.E. 39] 4; cf. [D.E. 1] 4; see also Reichert v. Hornbeck, No. 1:24-CV-1865-JMC, 2025 WL 2062199, at *7–8 (D. Md. July 23, 2025) (unpublished); Dollar v. Anne Arundel Cnty., MD, No. 24-1642-BAH, 2024 WL 4436122, at *3–4 (D. Md. Oct. 7, 2024) (unpublished); Cruz v. Antezana & Antezana, LLC, No. DKC 23-3409, 2024 WL 3570372, at *3–4 (D. Md. July 25, 2024) (unpublished); Robinson v. Pytlewski, No. DLB-19-1025, 2022 WL 2359359, at *8–13 (D. Md. June 30, 2022) (unpublished). Additionally, defendants will not be prejudiced by the relation back of Davila's claims that allegedly occurred on November 21, 2021. Defendants had notice of Davila's claims that he was given the wrong medication in November 2021. See, e.g., Reichert, 2025 WL 2062199, at *9; Dollar, 2024 WL 4436122, at *5; Cruz, 2024 WL 3570372, at *4. Thus, the court grants Davila's motion for leave to amend the complaint but dismisses Davila's claims against the Federal Bureau of Prisons and Davila's Bivens claims against the United States for the reasons stated in the court's November 20, 2024, order. See [D.E. 9] 2–3. Defendants need not file answers to the amended complaint. See Bryant v. Eagleton, No. 2:13–1045, 2014 WL 1278180, at *4–5 (D.S.C. Mar. 27, 2014) (unpublished).

As for Davila's motions for appointment of counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the

3

type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F. 2d at 163 (quotation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

This case does not present exceptional circumstances. Davila's claims are not objectively complex, and Davila has demonstrated through his filings that he has the capacity to present the claims. Thus, the court denies the motions.

As for Davila's motions for injunctive relief, Davila seeks a court order directing the clerk of court and the United States Attorney to print his mail single-sided and to mark his mail as legal mail. See [D.E. 35] 1. Davila also seeks a court order directing prison officials to not open his legal mail or prescribed medications outside of his presence. See id.; [D.E. 38] 1–3.

The court has considered Davila's motions for injunctive relief under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 161 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Davila has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Moreover, Davila cannot obtain injunctive relief on issues that are unrelated to the claims in the complaint. See Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). Thus, the court denies the motions.

4

As for Davila's motion for four blank subpoena forms, Davila has not explained why he needs the subpoenas or "why [Davila] cannot obtain the same information, or comparable information" from the defendants. Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 189 (4th Cir. 2019); see Daniels v. Arnold, No. 2:16-CV-551, 2020 WL 2084841, at *1 (E.D. Cal. Apr. 30, 2020) (unpublished); Moore v. Mann, No. 3:13-CV-2771, 2015 WL 7454749, at *3 (M.D. Pa. Nov. 24, 2015) (unpublished). Thus, the court denies the motion without prejudice.

As for Davila's motion to compel discovery, Davila seeks a court order directing defendants to respond to his second set of discovery requests. See [D.E. 43] 1–2. Defendants respond that Davila's discovery requests are untimely, and that Davila did not make a good faith effort to resolve the discovery disputes before filing his motion in violation of Local Civil Rule 7.1(c)(2). See [D.E. 48] 3–5.

The court has considered Davila's motion to compel under the governing standards. See Fed. R. Civ. P. 34, 37(a)(1); L. Civ. Rule 7.1(c)(2); Jones v. Broadwell, No. 5:10-CT-3223, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013) (unpublished); Higgins v. Spence & Spence, P.A., No. 5:07-CV-33, 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished). The court denies the motion for the reasons stated in defendants' response in opposition. See [D.E. 48] 3–5.

In sum, the court DENIES plaintiff's motions for appointment of counsel [D.E. 31, 40], DENIES plaintiff's motion for four blank subpoena forms [D.E. 34], DENIES plaintiff's motions for injunctive relief [D.E. 35, 38], GRANTS plaintiff's motion for leave to file an amended complaint [D.E. 39], and DENIES plaintiff's motion to compel discovery [D.E. 43]. The court DISMISSES plaintiff's claims against the Federal Bureau of Prisons and plaintiff's Bivens claims against the United States. The court GRANTS defendants' motion for an extension of time to file

dispositive motions [D.E. 49]. The parties shall have until September 2, 2025, to file dispositive motions.

SO ORDERED. This 31 day of July, 2025.

JAMES C. DEVER III
United States District Judge