IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3092-D

NOEL DAVILA, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
FEDERAL BUREAU OF PRISONS, et al., )
)
        Defendants. )

On April 12, 2024, Noel Davila ("Davila" or "plaintiff"), a federal inmate proceeding pro se, filed a verified complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 [D.E. 1, 8]. On November 20, 2024, the court allowed the action to proceed [D.E. 9]. See 28 U.S.C. § 1915A. All defendants have answered the complaint. See [D.E. 26, 42]. On March 26, 2025, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 27]. On July 31, 2025, the court granted defendants' motion for an extension of time to file dispositive motions, denied Davila's motions for appointment of counsel, denied Davila's motion for four blank subpoena forms, denied Davila's motions for injunctive relief, denied Davila's motion to compel discovery, granted Davila's motion for leave to file an amended complaint, and dismissed Davila's claims against the Federal Bureau of Prisons and Davila's Bivens claims against the United States [D.E. 50].

Davila moves to compel discovery [D.E. 51], for depositions [D.E. 53], for injunctive relief [D.E. 54], and for reconsideration of the court's July 31, 2025 order [D.E. 57]. Defendants move for a second extension of time to file dispositive motions [D.E. 58].

As for Davila's motion to compel discovery, Davila seeks a court order directing defendants to respond to his first set of interrogatories and first request for production of documents. See [D.E. 51] 1. Davila states that "[a]lthough the defendants responded to the requests, they did not provide actual answers to the interrogatories, or produce much more than copies of irrelevant BOP Program Statements." Id. Defendants respond that they responded to all of Davila's properly propounded requests, that Davila should have raised any concerns with defendants before the close of discovery, and that Davila acted in bad faith because he did not respond to any of defendants' discovery requests. See [D.E. 56] 1–7; see also [D.E. 56-1] 1–5; [D.E. 56-2] 1–24.

The court has considered Davila's motion to compel under the governing standards. See Fed. R. Civ. P. 34, 37(a)(1); Local Civ. R. 7.1(c)(2); Jones v. Broadwell, No. 5:10-CT-3223, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013) (unpublished); Higgins v. Spence & Spence, P.A., No. 5:07-CV-33, 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished). The court denies the motion for the reasons stated in defendants' response in opposition. See [D.E. 56] 1–7.

As for Davila's motion for depositions, Davila seeks to depose nine medical staff witnesses, some of whom are nonparties, and other unknown witnesses that have either been transferred to another prison or released from prison. See [D.E. 53] 1. Davila has not "demonstrate[d] that he can meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable." Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) (unpublished); see also Oxendine v. Summers, No. 5:23-CT-3118, 2025 WL 2523712, at *1 (E.D.N.C. Sept. 2, 2025) (unpublished); Pickens v. Lewis, No. 1:15-CV-

2

275, 2017 WL 2198342, at *2 (W.D.N.C. May 18, 2017) (unpublished); Lindsay v. Lewis, No. 1:11CV67, 2012 WL 1944571, at *2 (M.D.N.C. May 29, 2012) (unpublished); James v. Scarborough, No. 1:10-2794, 2011 WL 5508821, at *1 (D.S.C. Nov. 10, 2011) (unpublished). Davila also has not shown that the requested examinations are relevant or "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019) (citation omitted). Thus, the court denies the motion.

As for Davila's motion for injunctive relief, Davila seeks a court order directing prison officials to open his prescribed medications in his presence. See [D.E. 54] 1–3; [D.E. 54-1] 1–8; [D.E. 54-2] 1–5; [D.E. 55] 1–4; [D.E. 55-1] 1–2. The court has considered Davila's motion for injunctive relief under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 161 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Davila has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, the court denies the motion.

As for Davila's motion for reconsideration of the court's July 31, 2025 order, Davila seeks reconsideration of the denial of his motions for appointment of counsel and to compel discovery. See [D.E. 57] 1–5. The court has considered Davila's motion for reconsideration under the governing standard. See Fed. R. Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Davila has not provided any new or compelling reasons for the appointment of counsel. Davila's claims are not objectively complex, and Davila has demonstrated through his filings that he has the capacity to present his claims. Moreover, Davila

did not make a good faith effort to resolve any discovery disputes before filing his motion and did not respond to any of defendants' discovery requests. Thus, the court denies the motion.

In sum, the court DENIES plaintiff's motions [D.E. 51, 53, 54, 57]. The court GRANTS defendants' motion for extension of time [D.E. 58]. The parties shall have until November 21, 2025, to file dispositive motions.

SO ORDERED. This 27 day of October, 2025.

JAMES C. DEVER III
United States District Judge